# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-789V
Filed: May 11, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| MICHELENE FALSINI, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested |
| SECRETARY OF HEALTH | * | to which Respondent Does Not |
| AND HUMAN SERVICES, | * | Object. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Elizabeth Martin Muldowney</u>, Rawls McNelis + Mitchell, Richmond, VA, for Petitioner.
<u>Michael Milmoe</u>, United States Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On August 29, 2014, Michelene Falsini ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that an influenza ("flu") vaccination administered on November 14, 2011 caused her to develop Guillain-Barré syndrome ("GBS").

On May 10, 2016, Petitioner filed an amended motion fees and costs.[3] In her motion,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Petitioner's initial motion for attorneys' fees and costs was filed on April 26, 2016. Petitioner subsequently amended the motion in deference to some objections raised by Respondent.

Petitioner requests compensation for $24,400.00 in attorneys' fees and costs. Petitioner represents that Respondent has no objection to the requested amount. Petitioner also represents that she has not personally incurred any fees or costs in pursuit of her vaccine claim. *See* Petitioner's Exhibit 21, General Order No. 9 Statement, filed April 26, 2016.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $24,400.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Elizabeth M. Muldowney, of the law firm of Rawls McNelis + Mitchell.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).